UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN GLENN HOLLIS, | No. 2:13-cv-1841-EFB P |
| Plaintiff, | |
| v. | ORDER |
| P. SAHOTA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] He seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). For the reasons explained below, the court finds that plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

28 U.S.C. § 1915(g).  Court records reflect that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See* (1) *Hollis v. Mazon-Alec*, 1:03-cv-6842-REC-DLB P (E.D. Cal. Jan. 27, 2005) (order dismissing action for failure to state a claim); (2) *Hollis v. Villanueus*, 3:07-cv-04538 (N.D. Cal. Feb. 2, 2009) (order dismissing action for failure to state a claim); (3) *Hollis v. Villanueus*, 08-15523 (9th Cir. Aug 26, 2009) (order dismissing appeal after district court found appeal to be frivolous), (*see Hollis v. Villanueus*, 3:07-cv-04538 (N.D. Cal.) (Apr. 7, 2009 order denying application to proceed in forma pauperis on appeal as frivolous)); *see also Hollis v. Downing*, No. 2:09-cv-3431-MCE-KJN, 2010 U.S. Dist. LEXIS 130441 (E.D. Cal. Dec. 8, 2010), *adopted by* 2011 U.S. Dist. LEXIS 14078 (E.D. Cal. Feb. 10, 2011) (designating plaintiff a three-strike litigant).

Further, it does not appear that plaintiff was under imminent threat of serious physical injury when he filed the complaint.  *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. Cal. 2007) (section 1915(g) imminent danger exception applies where complaint makes a "plausible" allegation that prisoner faced imminent danger of serious physical injury at the time of filing).  In the complaint, plaintiff states he "in imminent danger of serious physical injury [because he] has lumbar degenerative disk disease with arthritic facets and lumbar spinal stenosis which is becoming worse."  ECF No. 1 ¶ 23.  He alleges he has a history of being prescribed Tramadol to relieve his chronic back and shin pain, caused by his condition.  A medical record attached to the complaint notes that plaintiff's disease is "probably what is causing his pain."  *Id.* at 20.  Plaintiff claims that for a two-week period of time, he felt "increased extreme[e] pain" because defendants interfered with his Tramadol prescription.  After plaintiff complained, however, his Tramadol prescription was renewed.  Now, however, plaintiff claims that the medical treatment he is receiving, including the Tramadol, is not relieving "100%" of his pain. ECF No. 1 ¶ 15.  Thus, plaintiff is currently receiving tramadol, but still experiences some pain.  Plaintiff's allegation that he is not entirely pain-free does not demonstrate that he was under imminent threat of serious physical injury when he filed the complaint.  Therefore, the imminent danger exception does not apply.  *See Oden v. Cambra*, C 97-3898-SI, 1999 U.S. Dist. LEXIS

1  4233, at *11 (N.D. Cal. Mar. 30, 1999) ("doctors (inside and outside of prisons) are not

2  guarantors of pain-free living for their patients.  There may be conditions . . . that will result in

3  some pain regardless of what a doctor does"); *Villegas v. Cate*, 1:10-cv-1916-AWI-SKO, 2012

4  U.S. Dist. LEXIS 171, at *8 (E.D. Cal. Jan. 3, 2012) ("There are certain medical conditions with

5  no end-cure and for which it is impossible to achieve a pain-free or symptom-free status."); *see*

6  *also Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("It would be nice if after appropriate

7  medical attention pain would immediately cease, its purpose fulfilled; but life is not so

8  accommodating.  Those recovering from even the best treatment can experience pain.").

9       Because plaintiff has not paid the filing fee and is not eligible to proceed in forma

10  pauperis, this action must be dismissed.

11       Accordingly, it is hereby ORDERED that plaintiff's request for leave to proceed in forma

12  pauperis is denied and this action is dismissed without prejudice to re-filing upon pre-payment of

13  the $400 filing fee.  *See* 28 U.S.C. §§ 1914(a), 1914 (District Court Miscellaneous Fee Schedule,

14  No. 14), 1915(g).

15  DATED:  May 20, 2014.

16                     EDMUND F. BRENNAN

                    UNITED STATES MAGISTRATE JUDGE