UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN GLENN HOLLIS,<br><br>    Plaintiff,<br><br>    v.<br><br>P. SAHOTA, et al.,<br><br>    Defendants. | No.  2:13-cv-1841-EFB P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Shortly after filing his complaint, plaintiff filed a motion to proceed in forma pauperis and consented to the jurisdiction of a magistrate judge.  ECF Nos. 3 & 4.  On May 21, 2014, before any defendant was served, the undersigned magistrate judge denied plaintiff's application to proceed in forma pauperis pursuant to the "three-strikes" provision of 28 U.S.C. § 1915(g) and dismissed the case without prejudice to re-filing upon prepayment of the $400 filing fee.  ECF No. 10.

On June 27, 2014, plaintiff appealed the order dismissing this action.  ECF No. 12.  On July 9, 2014, plaintiff filed a motion for relief from judgment.  ECF No. 14.  On July 11, 2014, the undersigned denied plaintiff's motion, finding that plaintiff's appeal divested the court of jurisdiction to consider it.  ECF No. 15.  The appellate court dismissed the appeal on August 19, 2014, but that order was not docketed in this action until May 18, 2020.  ECF No. 24.

On April 2, 2018 and again on April 30, 2020, plaintiff moved for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. ECF Nos. 19 & 23. Plaintiff cites to *Williams v. King*, 875 F.3d 500 (9th Cir. 2017), which held that *all* parties, including unserved defendants, must consent in order for jurisdiction to vest with the magistrate judge pursuant to 28 U.S.C. § 636(c)(1). Indeed, because all parties did not consent to proceed before the magistrate judge, the May 21, 2014 order and judgment are void lack of jurisdiction. Accordingly, plaintiff's motion for relief from judgment must be granted. *See* Fed. R. Civ. P. 60(b)(4). Plaintiff's application for leave to proceed will be reconsidered and addressed by proposed findings and recommendation.

On reconsideration of plaintiff's application to proceed in forma pauperis, the application again must be denied. Court records reflect that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* (1) *Hollis v. Mazon-Alec*, 1:03-cv-6842-REC-DLB P (E.D. Cal. Jan. 27, 2005) (order dismissing action for failure to state a claim); (2) *Hollis v. Villanueus*, 3:07-cv-04538 (N.D. Cal. Feb. 2, 2009) (order dismissing action for failure to state a claim); (3) *Hollis v. Villanueus*, 08-15523 (9th Cir. Aug 26, 2009) (order dismissing appeal after district court found appeal to be frivolous), (*see Hollis v. Villanueus*, 3:07-cv-04538 (N.D. Cal.) (Apr. 7, 2009 order denying application to proceed in forma pauperis on appeal as frivolous)); *see also Hollis v. Downing*, No. 2:09-cv-3431-MCE-KJN, 2010 U.S. Dist. LEXIS 130441 (E.D. Cal. Dec. 8, 2010), *adopted by* 2011 U.S. Dist. LEXIS 14078 (E.D. Cal. Feb. 10, 2011) (designating plaintiff a three-strike litigant).

In the September 5, 2013 complaint, plaintiff stated he was "in imminent danger of serious physical injury [because he] has lumbar degenerative disk disease with arthritic facets and lumbar spinal stenosis which is becoming worse." ECF No. 1 ¶ 23. Plaintiff claimed that there was a two-week period of time where he felt "increased extreme[e] pain" because defendants interfered with his tramadol prescription. After plaintiff complained, however, the prescription was renewed, although it was not relieving "100%" of his pain. ECF No. 1 ¶ 15. A medical
/////

record attached to the complaint noted that plaintiff's disease was "probably . . . causing his pain." *Id.* at 20.

In sum, plaintiff's complaint alleged that at the time of filing, he was receiving tramadol, but still experiencing some pain. This allegation – that he was not entirely pain-free – does not demonstrate that he was under imminent threat of serious physical injury when he filed the complaint. Therefore, the imminent danger exception does not apply. *See Oden v. Cambra*, C 97-3898-SI, 1999 U.S. Dist. LEXIS 4233, at *11 (N.D. Cal. Mar. 30, 1999) ("doctors (inside and outside of prisons) are not guarantors of pain-free living for their patients. There may be conditions . . . that will result in some pain regardless of what a doctor does"); *Villegas v. Cate*, 1:10-cv-1916-AWI-SKO, 2012 U.S. Dist. LEXIS 171, at *8 (E.D. Cal. Jan. 3, 2012) ("There are certain medical conditions with no end-cure and for which it is impossible to achieve a pain-free or symptom-free status."); *see also Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("It would be nice if after appropriate medical attention pain would immediately cease, its purpose fulfilled; but life is not so accommodating. Those recovering from even the best treatment can experience pain."). Because plaintiff has not paid the filing fee and is not eligible to proceed in forma pauperis, this action must be dismissed.

Accordingly, IT IS ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, IT IS RECOMMENDED that:

1. Plaintiff's motion for relief from judgment (ECF Nos. 19 & 23) be granted and the Clerk be ordered to vacate the May 21, 2014 order (ECF No. 10) and judgment (ECF No. 11) and reopen the case.
2. Plaintiff's application to proceed in forma pauperis (ECF No. 3) be denied; and
3. Plaintiff be ordered to pay the $400 filing fee within fourteen days from the date of any order adopting these findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

3

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 6, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4